**DISMISS and Opinion Filed July 15, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01086-CV**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR
THE HSI ASSET SECURITIZATION CORPORATION 2006-OPT 3
PASS THROUGH CERTIFICATES, Appellant**
**V.**
**F&M PROPERTIES, INC. AND STEPHEN CALLENDER, Appellees**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-04419-2020**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Goldstein, and Justice Smith
Opinion by Chief Justice Burns

Appellant Deutsche Bank National Trust Company (Bank) filed the underlying bill of review proceeding seeking to set aside a default judgment in favor of appellee F&M Properties, Inc. (F&M). Appellee Stephen Callender intervened in that proceeding asserting claims in addition to seeking dismissal of the bill of review. Bank appeals from the trial court's order granting Callender's motion for summary judgment and dismissing the bill of review. We questioned our jurisdiction over the appeal because it appeared Callender's claims against Bank remained pending. The parties filed letter briefs addressing the Court's concern.

**Background**

The default judgment Bank sought to set aside in the bill of review followed F&M's suit to quiet title to property and a declaration that it owned the property free of any lien claimed by Bank or any predecessor or successor. In his first amended petition in intervention, Callender asserted claims for declaratory judgment, trespass to try title, suit to quiet title, and attorney's fees.[1] As to his claim for declaratory judgment, Callender sought declarations that (1) his interest in the property is superior to and takes priority over Bank as a good faith purchaser and the predecessor-in-interest to F&M, (2) Bank has no valid lien on the property, (3) he is the record title owner of the property and owns the property in fee simple, free and clear of all liens and encumbrances, save taxes and assessments, (4) Bank has no meritorious defense to the claims in the underlying proceeding, and (5) Bank failed to act with diligence after being properly served by F&M. Callender also sought an order quieting title to the property in his favor. Callender filed a motion for summary judgment addressing only Bank's bill of review. The trial court granted the motion, dismissed the bill of review, and Bank appealed.

**The Law**

---

[1] Callender asserted these identical claims against Bank in a separate lawsuit filed prior to the bill of review proceeding. Following this appeal, the trial court granted the parties' agreed motion and consolidated Callender's separate lawsuit against Bank into the underlying bill of review proceeding.

To be final for purposes of appeal, an order or judgment must dispose of all parties and all claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Although a presumption exists that an order or judgment rendered after a bench or jury trial is final, no similar presumption exists for an order or judgment rendered without a conventional trial on the merits, such as a summary judgment. *See id.* at 199-200. Rather, an order or judgment rendered without a conventional trial on the merits is final only if it actually disposes, or "clearly and unequivocally" states it disposes, of all claims and all parties. *See id.* at 205. No "magic language" is required, but in *Lehmann v. Har-Con Corp.*, the Texas Supreme Court noted that a trial court could express its intent to render a final order or judgment by including a statement that the order or judgment "finally disposes of all parties and all claims and is appealable." *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam).

**Discussion**

The trial court's order dismissed the bill of review but did not address Callender's claims in intervention or otherwise "clearly and unequivocally" state that it disposed of all claims and all parties. In its letter brief, Bank asserts Callender's claims for declaratory judgment, trespass to try title, and suit to quiet title were resolved by the trial court's order dismissing its bill of review. While we agree the dismissal of the bill of review effectively resolved Callender's claims for declaratory judgment that Bank has no valid lien on the property, no meritorious

defense to the claims in the underlying proceeding, and that Bank failed to act with diligence after being served by F&M, we disagree that the trial court's order resolved Callender's remaining claims. The trial court's order did not address Callender's claim for declaration that his interest in the property is superior to that of Bank and that he is the record title owner to the property. Because the trial court did not resolve the dispute as to the proper owner of the property, the judgment is not final.

We dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).


/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE


211086F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE HSI ASSET SECURITIZATION CORPORATION 2006-OPT 3 PASS THROUGH CERTIFICATES, Appellant

No. 05-21-01086-CV      V.

F&M PROPERTIES, INC. AND STEPHEN CALLENDER, Appellees

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-04419-2020.
Opinion delivered by Chief Justice Burns. Justices Goldstein and Smith participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees F&M PROPERTIES, INC. AND STEPHEN CALLENDER recover their costs of this appeal from appellant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE HSI ASSET SECURITIZATION CORPORATION 2006-OPT 3 PASS THROUGH CERTIFICATES.

Judgment entered July 15, 2022